She was present in court at the time of the trial, and if appellant desired to use her as a witness they had the opportunity to do so.

Upon the contention that the court erred in denying appellant the right to file this additional plea, the matter of granting leave to file additional pleas is discretionary with the trial court, and unless in denying the motion the court has abused the exercise of this discretion, there is no error in denying the leave, and we are satisfied that it was not an abuse of the discretion of the court in denying this motion, and that it committed no error in so doing. *Pierpont v. Johnson,* 104 Ill. App. 28; *Fisher v. Greene,* 95 Ill. 94.

We find no error of the court either in the admission or rejection of evidence, nor any reversible error in the holding of propositions of law submitted to it.

The judgment is, therefore, affirmed.

*Affirmed.*

---

**Town of Georgetown, ex rel. Eugene Quartier, Appellant, v. Oscar McCorkle and Kittie McCorkle, Appellees.**

**(Not to be reported in full.)**

Appeal from the Circuit Court of Vermilion county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913.

### Statement of the Case.

Action by Town of Georgetown ex rel. Eugene Quartier against Oscar McCorkle and Kittie McCorkle for obstructing a public highway alleged to exist by reason of prescription. From a judgment finding defendants not guilty, plaintiff appeals.

This cause was before this court on a prior appeal (164 Ill. App. 314), in which a judgment in favor of defendants was reversed upon errors of law committed by the trial court upon the former trial.

LEWMAN & CRAYTON, J. ED. THOMAS and THOMAS A. GRAHAM, for appellant.

LINDLEY, PENWELL & LINDLEY, for appellees.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

### Abstract of the Decision.

1. ROADS AND BRIDGES, § 23*—*when evidence insufficient to show establishment of highway by prescription.* In an action for the obstruction of a highway, the issue being whether the road was established by prescription, evidence *held* sufficient to warrant a verdict for defendants, the evidence being conflicting as to whether a gate or bars had been maintained at a place where the alleged road leads off from the public highway, and it appearing that a short distance from the public highway the road ceased to maintain any general direction and there was no demarcation of any line of travel ever maintained from that point on.

2. ROADS AND BRIDGES, § 208*—*admissibility of evidence.* In an action for the obstruction of a highway, the issue being whether the alleged road was established by prescription, evidence showing that there was another highway or public road by which access might be gained to a certain cemetery, *held* wholly immaterial, the admission thereof *held* error, though not prejudicial.

---

George Heyen et al., trading as Heyen Bros., Appellees, v. Cleveland, Cincinnati, Chicago and St. Louis Railway Company, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Macoupin county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1913. Reversed. Opinion filed October 16, 1913.